IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFREY R. BENZEL, | ) |
| Petitioner, | ) 4:05cv3264 |
| vs. | ) ORDER on INITIAL REVIEW |
| ROBERT HOUSTON[1], | ) (HABEAS CORPUS) |
| Respondent. | ) |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Jeffrey R. Benzel.[2] 28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a).

Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

---

[1]The court, sua sponte, substitutes Robert Houston as the respondent. As the Director of the Nebraska Department of Correctional Services, Mr. Houston is the plaintiff's custodian. The Clerk of Court shall modify the court's records accordingly.

[2]Also before the court is filing no. 9, the petitioner's Motion for an evidentiary hearing. Filing no. 9 will be denied at this time as premature. If, after receipt of the parties' briefs, District Judge Laurie Smith Camp decides to schedule an evidentiary hearing, she will do so. In that event, Rule 8 of the *Rules Governing § 2254 Cases* specifies that counsel must be appointed for the petitioner if the court holds an evidentiary hearing.

The petitioner alleges violations of his civil rights in connection with his conviction in the District Court of Hall County, Nebraska, in 1984. See generally State v. Benzel, 370 N.W.2d 501 (Neb. 1985). See also State v. Benzel, 689 N.W.2d 8521 (Neb. 2004) (postconviction proceedings).

This case has been assigned to District Judge Laurie Smith Camp. However, a Magistrate Judge may conduct initial review. Rule 10 of the *2254 Rules,* as amended*,* states: "A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636." On initial review of the petition, I find that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required and that the respondent shall answer or otherwise respond to the § 2254 petition. In addition to any other matters he may choose to raise, the respondent shall address the timeliness of the § 2254 petition.

IT IS THEREFORE ORDERED:

1.     That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and to the Nebraska Attorney General by regular first-class mail; and the Clerk shall modify the court's records to reflect the substitution of Robert Houston as the respondent in this action;

2.     That, by December 9**,** 2005, the respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b);

3.     That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner's attorney a pleading entitled Designation of Relevant State Court Records;

4.     That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with the court at the time the Designation of Relevant State Court Records is filed;

5.     That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner's attorney;

6.     That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply within 30 days thereafter; and

7.     That filing no. 9, the petitioner's Motion for an evidentiary hearing, is denied at this time as premature; if, after receipt of the parties' briefs, District Judge Laurie Smith

Camp decides to schedule an evidentiary hearing, she will do so, in which event, Rule 8 of the *Rules Governing § 2254 Cases* specifies that counsel must be appointed for the petitioner if the court holds an evidentiary hearing.

DATED this 4th day of November, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge