IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFREY R. BENZEL, | ) |
| | ) |
| Petitioner, | )  4:05cv3264 |
| | ) |
| vs. | )  PROGRESSION ORDER |
| | )  and |
| ROBERT HOUSTON, | )  ORDER on MOTIONS |
| | ) |
| Respondent. | ) |

This matter is before the court on the following pending motions filed by the petitioner, Jeffrey R. Benzel, in connection with Mr. Benzel's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"): (1) filing no. 29, the Motion to Stay; (2) filing no. 31, the Motion to Expand the Record; and (3) filing no. 39, the Motion for Remittance. Also before the court is filing no. 27 (part 2) in which the petitioner requests an evidentiary hearing. This case is assigned to District Judge Richard G. Kopf, with the assistance of the undersigned Magistrate Judge.

Filing no. 29 is granted in that the extension of time or stay of proceedings requested by the petitioner has already effectively been granted. Filing no. 31 is also granted because the materials filed by the petitioner to expand the record are accepted for filing instanter. Filing no. 39 is denied at this time until the court can determine if there exists any basis in law to reimburse the petitioner for expenses he incurred without leave of court to expand the record without court approval. Had the petitioner awaited an Order from the court, the court could have directed the respondent to procure the requested records at State expense. However, now that the petitioner has done so at his own expense, the court must research the availability of federal funds in these unique circumstances. If it is possible to assist the petitioner, the court will do so, and if not, the court will so inform the petitioner. Finally, filing no. 27 (part 2) is denied for the same reason as I denied filing no. 9 (in filing no. 12). The motion is premature. If, after receipt of the parties' briefs, Judge Kopf decides to schedule an evidentiary hearing, he will do so, and, in that event, Rule 8 of the *Rules Governing § 2254 Cases* would require appointment of counsel for the petitioner.

The petitioner alleges violations of his constitutional rights in connection with his conviction in the District Court of Hall County, Nebraska, in 1984. See generally State v. Benzel, 370 N.W.2d 501 (Neb. 1985). See also State v. Benzel, 689 N.W.2d 8521 (Neb. 2004) (postconviction proceedings). In light of the record, the respondent, in his Answer, raises no affirmative defenses regarding untimeliness, lack of exhaustion or procedural default. Instead, the only issues before this court are the merits of the petitioner's claims of ineffective assistance of trial and appellate counsel, considered under the deferential

1

standard of review established by 28 U.S.C. § 2254(d).

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations adjudicated on the merits in state court proceedings. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

Within the meaning of 28 U.S.C. § 2254(d)(1), "[a] state-court decision is contrary to [the Supreme Court's] clearly established precedents if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). Similarly, "[a] state-court decision involves an unreasonable application of ... clearly established precedents if the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." Id.

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537

U.S. 322, 324 (2003).

Therefore, as to each claim in this case presented on the merits to the Nebraska appellate courts, the issue in this court is whether the Nebraska courts, in adjudicating the merits of the claim, (1) produced a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) based its decision on an unreasonable factual determination in light of the evidence. Accordingly, the parties shall file briefs as set forth below.

IT IS ORDERED:

1. That, because many state prisoners have informed the court of their difficulties obtaining prison library time and assistance from legal aides, the petitioner shall have as much time as he needs **up to** six (6) months from the date of this Order to submit his initial brief on the merits of his habeas claims; if the petitioner requires more than six months to submit his brief, he must file a motion before the end of that period explaining why;

2. That within one (1) month after the petitioner files his brief, the respondent shall file his brief;

3, That if the petitioner wishes to file a reply brief, he shall have one month to do so after the respondent files his brief;

4. That unless Judge Kopf orders any additional briefs, expansion of the record or an evidentiary hearing, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court records and the briefs; and

5. That filing nos. 29 and 31 are granted; filing nos. 27 (part 2) and 39 are denied at this time, at least until further notice.

DATED this 29th day of January, 2007.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge